**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 11-40045-05-JAR |
| ) | |
| **JULIO CESAR ORTIZ,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Defendant Julio Cesar Ortiz pled guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine.[1] Defendant was sentenced on September 10, 2014, to thirty-six-months' imprisonment.[2] Defendant did not file a direct appeal. On December 11, 2015, Defendant filed a motion requesting the Court to reconsider his sentence and grant early release in light of his successful completion of a drug program and because his son suffered a severe brain injury in an accident (Doc. 278). In view of Defendant's *pro se* status, the Court construes his motion as one for reduction of sentence under 18 U.S.C. § 3582(c).[3] As explained below, the motion is denied.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[4] As the Tenth Circuit

---

[1] Doc. 242.

[2] Doc. 254.

[3] District courts may not recharacterize a *pro se* litigant's post-conviction motion as a 28 U.S.C. § 2255 motion unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion. *United States v. Martin*, 357 F.3d 1198, 1199-1200 (10th Cir. 2004) (citing *Castro v. United States*, 540 U.S. 375 (2003)).

[4] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[5]

If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the defendant's request.[6] None of the avenues set forth above apply to this case. Although the Court commends Defendant for his rehabilitative efforts and accomplishments since his conviction, and extends its sympathy for his son's medical condition, it does not find that it has the power to reduce Defendant's sentence. Defendant's motion must be denied.[7]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion for reduction of sentence (Doc. 278) is DENIED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: December 21, 2015

---

[5]*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[6]*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

[7]The Court notes that Defendant also received a two-level reduction in anticipation of then-proposed Amendment 782 to the United States Sentencing Guidelines and agreed not to seek further reduction for changes in the Guidelines once they were amended. Doc. 255.

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE